**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN LEON FUGET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-1453-HEA |
| ) | |
| FEDERAL PUBLIC DEFENDER ) | |
| EASTERN DISTRICT OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Justin Leon Fuget for leave to commence this civil action without payment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $21.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim and legal frivolity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his inmate account statement. ECF No. 3-1. A review of plaintiff's account indicates an average monthly deposit of $108.36 and an average monthly balance of $7.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.67, which is 20 percent of plaintiff's average monthly deposit.

## Background

Plaintiff is currently a federal pretrial detainee who is being held at the Ste. Genevieve Detention Center. He was charged with numerous offenses, including possession of a firearm in furtherance of a drug trafficking crime. *See U.S. v. Justin Fuget*, No. 4:23-cr-234-RLW-1 (E.D. Mo. 2023). Plaintiff has a *Frye* hearing set for December 6, 2023 and a trial set for December 11, 2023. The matter remains pending, and plaintiff remains detained.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 on a Court-provided 'Prisoner Civil Rights Complaint' form against the Federal Public Defender of the Eastern District of Missouri and two public defenders, Michael Skrien and Nanci McCarthy. ECF No. 1. Plaintiff sues Mr. Skrien and Ms. McCarthy in their official and individual capacities. His Statement of Claim alleges the following in its entirety:

> I was coerced into signing waiver of pretrial motions 9/6/2023 and 8/1/2023 a continuance without my consent, I sent a letter fire him in August and went to a Frye Hearing when I told the Judge we couldn't move forward. He [has] not been truthful or helpful. He has told me multiple things. He failed to give me my discovery until 9 days before I was supposed to go to trial.
>
> He has been a violation to my Sixth Amendment which has been incorporated into the Due Process Clause of the Fourteenth Amendment as well as state

constitutions[.] He has caused deprivation in life, liberty and property. The trust factor is gone and I need a new attorney going forward.

Case. No. 4:23-cr-00234-RLW-1

*Id.* at 3-4.

For relief, plaintiff seeks to "fire [his] current attorney" and receive "effective counsel for [his] defense[.]" *Id.* at 5.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be

3

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court finds this action must be dismissed for failure to state a claim and legal frivolity.

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). Defendants Skrien and McCarthy are Federal Public Defenders and, therefore, employees of the United States. Plaintiff's claims against these defendants fall under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389, 397 (1971). "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). The body of case law regarding § 1983 applies to *Bivens* actions. *Id*. Additionally, the essence of a *Bivens* claim requires that a

4

defendant be a "federal actor."

However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

This rule is applicable in cases where the attorney is appointed by a federal court. *See Christian*, 907 F.2d at 810 (stating that "attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law"); *Allred v. McCaughey*, 257 F. App'x. 91, 92-93 (10th Cir. 2007) (the appointment of a defense attorney by the court does not make that attorney a federal actor); *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009) (finding assigned counsel not a state actor for purposes of the Sixth Amendment right to a speedy trial unless acting in a capacity other than defense counsel); *Turner v. Crites-Leoni*,

No. 1:12-CV-215-CEJ, 2013 WL 440548, at *3 (E.D. Mo. Feb. 5, 2013) ("defense attorneys appointed under the CJA do not act under color of law for purposes of a *Bivens* claim"). Plaintiff has not alleged any facts to show why the Court should consider defendants Skrien and McCarthy federal actors. Thus, they are not proper defendants in this § 1983 action.

Similarly, a federal agency, such as the Federal Public Defender of the Eastern District of Missouri, is not a "person" acting under color of state law and therefore cannot be subject to suit under 42 U.S.C. § 1983. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994); *see also Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations"); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against a government official in his official capacity is a suit against the United States, and sovereign immunity precludes prosecution of a *Bivens* action against the United States); *Taylor v. Dir. Off. Info. Pol'y*, No. 4:20-CV-308 DDN, 2020 WL 3971997, at *3 (E.D. Mo. July 13, 2020) (citation omitted) ("[§ 1983] does not authorize redress against federal agencies or officials who were acting under color of federal law.").

Lastly, the Court finds that to the extent plaintiff is seeking a new attorney in his ongoing criminal case, he cannot receive such relief under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3], is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $21.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 1st day of December, 2023.

                                                HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE